940 F.2d 678
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Glen LOWDER, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 91-3221.
 United States Court of Appeals, Federal Circuit.
 July 30, 1991.
 
 Before NIES, Chief Judge, and PAULINE, NEWMAN and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Glen Lowder appeals the decision of the Merit Systems Protection Board (MSPB) upholding the Air Force's decision to remove him from his position at Robins Air Force Base. Lowder v. Department of the Air Force, No. AT07529010401 (August 2, 1990) (petition for review denied February 2, 1991). The Air Force removed Lowder from his position as Equipment Cleaner based on a charge of submitting a false statement to support a claim for injury compensation. We affirm.
 
 OPINION
 
 2
 Lowder began work for the Air Force in July 1985. In 1986, Lowder sustained an on-the-job injury which caused him to miss 3-4 months of work. He returned to work in November, but suffered another on-the-job injury in February, 1987. This led to back surgery in June 1987 and 34 months of Office of Workers' Compensation Programs (OWCP) benefits. In November and December 1989, Lowder's physician released him to part-time and then to full-time duty, with specified limitations as to bending, lifting, reaching, and other potentially strenuous activity.
 
 
 3
 On December 19, 1989, Lowder again injured himself on the job. He claimed in his OWCP form that the injury occurred when he lifted a tool box which weighed more than he was medically allowed. The Air Force maintained that Lowder did not lift the tool box, and proposed and pursued Lowder's removal.
 
 
 4
 At the MSPB hearing, the Air Force presented testimony from four witnesses, and Lowder provided only his own account. The MSPB opinion sets forth analysis of each witness's testimony. The MSPB concluded that Lowder had not lifted the tool box, and sustained the Air Force's charge and removal.
 
 
 5
 This court must affirm a decision of the MSPB unless it is found to be:
 
 
 6
 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 7
 2) obtained without procedures required by law, rule or regulation having been followed; or
 
 
 8
 3) unsupported by substantial evidence.
 
 
 9
 See 5 U.S.C. Sec. 7703(c) (1988); Covington v. Department of Health and Human Services, 750 F.2d 937, 941 (Fed.Cir.1984). In light of the record before us and our standard of review, the MSPB decision must be affirmed.